UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| ROBERT L. HENGEL *as Independent Administrator/Personal Representative of The Estate of Sean L. Hengel;* ROBERT L. HENGEL and LAURA HENGEL, | ) ) ) ) ) | |
| Plaintiffs | ) ) | CIVIL ACTION NO. 5:11-286 |
| v. | ) ) | **MEMORANDUM OPINION** |
| BUFFALO WILD WINGS, INC., et al., | ) ) | |
| Defendants | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion for Summary Judgment filed by Third-Party Defendant Norfolk Southern Railway Company. (DE 80). For the reasons that follow, the motion will be granted.

I.   Background

This case arises from a collision between a train and a motor vehicle driven by Sean Hengel in the early hours of October 10, 2010. Sean Hengel died after the collision. No direct claim was ever filed by Plaintiffs against Norfolk Southern. Instead, Plaintiffs brought suit against Defendants Buffalo Wild Wings, Inc., Bluegrass Tavern, LLC, and Irish Holdings, LLC, d/b/a O'Neill's Irish Pub on a dram shop theory.[1] Irish Holdings then filed a third-party complaint stating that it is entitled to a judgment of indemnity, contribution, and/or an apportionment instruction at trial against Norfolk Southern. Norfolk Southern now seeks summary judgment on the basis that Plaintiffs never filed a direct claim against it and the time

---

[1] Plaintiffs and Buffalo Wild Wings have resolved the claims between them. (DE 64).

for doing so has expired. *See* KRS § 304.39-230 (providing a two-year statute of limitations for wrongful death actions).

### II. Standard

"Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law." *Mazur v. Young*, 507 F.3d 1013, 1016 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); Fed. R. Civ. P. 56. "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989).

### III. Analysis

Irish Holdings' complaint raises the issues of indemnity, contribution, and apportionment, which, although related, remain distinct concepts under Kentucky law. *See Stanford v. U.S.*, No. 12-cv-93-ART, 2013 WL 2422790, at *11 (E.D. Ky. May 31, 2013); *Hall v. MLS Nat. Medical Evaluations, Inc.,* No. 05-cv-185-JBC, 2007 WL 1385943, at *3 (E.D. Ky. May 8, 2007). Apportionment and contribution are statutory rights, while indemnity is a common-law right.

Codified at KRS § 411.182, apportionment allocates the respective liabilities among tortfeasors, whether joined in original complaint or by third-party complaint. *Hall*, 2007 WL 1385943, at *2 (citing *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan,* 177 S.W.3d 797, 802-03 (Ky. 2005)). The statute "provides a right to an apportionment interrogatory or finding where underlying substantive fault exists, but it does not provide a substantive cause of action itself." *Id.* Also statutory, the "right to contribution arises when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converges to cause the

2

plaintiff's damages." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 778 (Ky. 2000). In such cases, the tortfeasors must be "*in pari delicto,*" or "in equal fault." *Stanford*, 2013 WL 2422790, at *12 (citations omitted).

Indemnity "is simply the repayment to one party by another party who caused the loss, of such amounts the first party was compelled to pay." *Liberty Mut. Ins. Co. v. Louisville & Nashville R.R. Co.,* 455 S.W.2d 537, 541 (Ky.1970). Unlike apportionment or contribution, the right to indemnity arises from common law and "is available to one exposed to liability because of the wrongful act of another with whom he/she is not *in pari delicto*." *Degener,* 27 S.W.3d at 780. Under Kentucky law, cases permitting recovery based on indemnity principles "are exceptions to the general rule, and are based on principles of equity." *Hall*, 2007 WL 1385943, at *3 (internal quotation marks and citations omitted).

Indemnity exists in two types of cases. First, there are the cases in which the party seeking indemnity claims to be only constructively or technically liable. *Degener*, 27 S.W.3d at 780. These cases include an employer being held responsible for the acts of an employee. Irish Holdings, however, does not argue that its claim fits into this category. Second, there are the cases in which "both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *Id.* Here, Irish Holdings argues that Norfolk Southern was primarily negligent by failing to brake its train in time to avoid colliding with Sean Hengel's vehicle, thus Norfolk Southern must be compelled to repay Irish Holdings any and all losses it sustains based on its service of alcohol to Sean Hengel.

After reviewing the claims asserted against Norfolk Southern, specifically the nature of any liability which it may have as a result of its operation of its train, and the nature of the

liability Irish Holdings may face related to its service of alcohol, the Court concludes that Norfolk Southern's motion should be granted. Irish Holdings cannot be merely constructively or vicariously liable to the Plaintiffs due to a breach of Norfolk Southern's duty, and Irish Holdings concedes as much in its response. (DE 82 at 2). The duties of the two parties are separate and distinct, and so, viewing the facts in the light most favorable to Irish Holdings, this is not an appropriate case for common law indemnity. "Rather, the principles of comparative fault would serve to properly apportion liability among the parties." *ISP Chemicals LLC v. Dutchland, Inc.*, 771 F. Supp. 2d 747, 751 (W.D. Ky. 2011) (analyzing cases under Kentucky precedent and finding that apportionment is the proper way to address allegations of different degrees of fault). Instead, cases of respondeat superior or premises liability typically present the facts that give rise to indemnity claims. *See Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005); *Johnson v. Uptown Cafe Co.*, No. 3:04-cv-80-H, 2005 U.S. Dist. LEXIS 7391, at *5 (W.D. Ky. Feb. 7, 2005). Because there is no agency or quasi-agency relationship between the parties, and because it cannot be determined with certainty that any one party was entirely or primarily responsible for the injuries, indemnity is not proper here. *See York v. Petzl Am., Inc.*, 353 S.W.3d 349, 354 (Ky. Ct. App. 2010).

Further, there is no dispute that Norfolk Southern has no direct liability to Plaintiffs. Irish Holdings also conceded this in its response. (DE 82 at 2). Both Irish Holdings and Norfolk Southern agree that Norfolk Southern need not be a party in order for damages to be apportioned. Moreover, "the apportionment of causation and the requirement of several liability obviates any claim for contribution among joint tortfeasors whose respective liabilities are determined in the original action." *Burton v. HO Sports Co., Inc.*, No. 4:06-cv-100-JHM, 2009 WL 1390832, at *2 (W.D. Ky. May 14, 2009) (quoting *Degener,* 27 S.W.3d at 779). As a result, the Court finds that

Irish Holdings does not have a "claim" for contribution and/or apportionment. Nevertheless, Irish Holdings has actively asserted claims against Norfolk Southern so as to preserve its right to apportionment pursuant to KRS § 411.181 if the evidence supports such an instruction at trial.

### IV. Conclusion

Accordingly, the Third-Party Defendant Norfolk Southern Railway Company's Motion for Summary Judgment (DE 80) is GRANTED.

An appropriate order will issue.

This 31st day of July, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge