UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| ROBERT L. HENGEL *as Independent* | ) | |
| *Administrator/Personal Representative of* | ) | |
| *The Estate of Sean L. Hengel;* ROBERT L. | ) | |
| HENGEL and LAURA HENGEL, | ) | |
| Plaintiffs | ) | CIVIL ACTION NO. 5:11-286 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| BUFFALO WILD WINGS, INC., et al., | ) | |
| Defendants | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the related motions for partial summary judgment filed by Defendants Bluegrass Tavern, LLC (DE 84) and Irish Holdings, LLC (DE 86). Robert L. Hengel, individually and as the independent administrator/personal representative of the estate of Sean L. Hengel, and Laura Hengel (collectively, "Plaintiffs") responded to these motions with one brief. (DE 92). The Court also will address the two motions at the same time. [1] Plaintiffs concede many of Defendants' arguments. The parties, however, contest whether pain and suffering damages are appropriate in this case. For the reasons stated below, the motions will be granted.

### I. Facts

This case arises from a fatal collision between a train and a motor vehicle in the early hours of October 10, 2010. After drinking at establishments owned by Defendants, Sean Hengel drove his black Volkswagen Jetta onto the train tracks, just north of the railroad crossing on

---

[1] Bluegrass Tavern, LLC and Irish Holdings, LLC also have filed two other pairs of summary judgment motions on different grounds, and the Court will address those separately.

Spurr Road in Lexington, Kentucky.  (DE 92-2, Final Investigative Report of Police Officer Bella Wells at 3).  Around 2:00 a.m., a northbound train struck the car, the car burst into flames, and the train and the car traveled nearly half a mile down the tracks before stopping.  (*Id.*).  Sean Hengel did not receive any medical treatment before his death, and his remains were transported from his vehicle to the Office of the Medical Examiner in Frankfort, Kentucky for identification.  (*Id.* at 6).

Plaintiffs, Sean Hengel's parents, have brought this suit against the establishments that served him alcohol in the hours before the accident.[2]  Plaintiffs assert claims for dram shop liability under K.R.S. § 413.241, general negligence, negligence *per se* based on K.R.S. §§ 244.080, 244.085, 413.241, and 530.070, and wrongful death and personal injury under K.R.S. §§ 411.130 and 411.133.  (DE 42, Amended Complaint, ¶¶ 43-59).  Plaintiffs ask for the following damages: pain and mental anguish in the past, loss of earning capacity in the past, loss of earning capacity that in reasonable probability will be sustained in the future, physical impairment in the past, medical expenses in the past, loss of household services and/or the familial relationship in the past, loss of household services and/or familial relationship that, in reasonable probability, will be sustained in the future, and funeral and burial expenses.  (*Id.* at ¶¶ 64-71).  Defendants now seek partial summary judgment on the claims brought by Robert L. Hengel and Laura Hengel as individual plaintiffs, on the claims related to the service of alcohol to minors, and on certain claims for damages.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

---

[2] Plaintiffs and Buffalo Wild Wings, one of the other establishments Sean Hengel visited that night, have resolved the claims between them.  (DE 64).

56(a).  The movant can satisfy its burden by demonstrating an absence of evidence to support the non-movant's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

To survive summary judgment, the non-movant must come forward with evidence on which the jury could reasonably find in its favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The non-movant must present more than a mere scintilla of evidence to defeat a motion for summary judgment.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  The non-movant may not rest upon claims within its pleading, but must "go beyond the pleadings," *Celotex,* 477 U.S. at 324, and "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (internal quotation marks omitted).  Summary judgment must be entered against a party failing to make an adequate showing to establish the existence of an essential element to that party's case, for which it bears the burden of proof at trial.  *Celotex*, 477 U.S. at 322.  When considering a motion for summary judgment, the Court must view all of the evidence in the light most favorable to the non-moving party.  *See Matsushita*, 475 U.S. at 587.

### III. Analysis

#### a.  Claim for Physical Pain and Mental Anguish Damages

Defendants argue that there is no genuine issue of material fact regarding Plaintiffs' damage claim for "[p]hysical pain and mental anguish in the past," and so summary judgment is appropriate on those claims.  Plaintiffs and Defendants now agree that this claim is being asserted on Sean Hengel's behalf; in other words, Plaintiffs no longer seek to recover for any pain and suffering of their own.  Defendants argue that there is no evidence Sean Hengel suffered conscious pain or suffering and note that Plaintiffs did not designate an expert on this subject.

Under Kentucky law, damages for pain and suffering are not proper in cases in which a decedent remained unconscious from the time of injury until the time of death. *Vitale v. Henchey,* 24 S.W.3d 651, 659 (Ky. 2000). "Damages for pain and suffering may be awarded, however, if the injured person was partly conscious, had intervals of consciousness, or was conscious for a short time before death." *Id.* (internal quotation marks omitted). "In Kentucky, even a brief period of consciousness may suffice to warrant the recovery of damages for pain and suffering." *Spaulding v. Tate,* No. 3:11-18-DCR, 2012 WL 3845411, at *3 (E.D. Ky. Sept. 5, 2012).

While Kentucky courts have not required evidence showing the precise amount of time that a decedent survived an injury-causing incident or how long the decedent was conscious, there must be some evidence of conscious survival. For example, in *Vitale,* a claim of damages for pain and suffering was an issue for the jury when there was evidence that the decedent "was treated for pain, observed to be in pain, moved her extremities and flinched her eyes in response to her name" between her injury and death. *Vitale,* 24 S.W.3d at 569. Similarly, in *Spaulding,* the district court denied summary judgment regarding pain and suffering damages because there was testimony that decedent gave a "moan in pain" and because plaintiff's expert testified "upon a reasonable degree of medical probability" that the decedent had an interval of conscious pain and suffering. *Spaulding,* 2012 WL 384511, at *4. Likewise, in *Faulkner v. ABB Inc.,* the district court denied summary judgment as to pain and suffering damages given the combination of expert testimony and other evidence regarding the length of time between the decedent's exposure to an oxygen-deficient atmosphere and loss of consciousness before death. *Faulkner v. ABB Inc.,* No. 5:08-CV-212, 2012 WL 1143682, at *3-4 (W.D. Ky. Apr. 4, 2012). That combination of evidence provided a sufficiently precise basis upon which a reasonable jury

4

could conclude that the decedent consciously experienced pain and suffering to at least some degree before death. *Id.* at *4. Alternatively, when there was no such evidence to suggest that a plaintiff had survived the immediate impact of a collision with a coal truck, Kentucky Court of Appeals has held that a trial court erred by failing to grant a directed verdict. *Worldwide Equipment, Inc. v. Mullins*, 11 S.W.3d 50, 61 (Ky. Ct. App. 1999).

Here, there is no conclusive proof that Sean Hengel survived the initial trauma, and there is no evidence to suggest he was ever conscious following the collision. In support, Plaintiffs have cited, only generally, the autopsy report for Sean Hengel. That report offers this summary:

> CAUSE OF DEATH: MULTIPLE BLUNT FORCE INJURIES AND THERMAL BURNS
>
> DUE TO: TRAIN VS. MOTOR VEHICLE COLLISION WITH RESULTANT FIRE
>
> CONTRIBUTING FACTOR: ETHANOL INTOXICATION

 (DE 92-5 at 2). The report does not discuss Sean Hengel's level of consciousness following the collision. It states only that "seconds to minutes" elapsed during the "approximate interval between onset and death." (*Id.* at 4). These statements appear in a chart, and they are not explained or discussed further. This chart entry is the report's only reference as to whether Sean Hengel survived the initial impact, but it is not evidence of a period of conscious pain or suffering. This conclusion simply does not provide any indication about consciousness, or lack thereof. Plaintiffs also have cited two train employees' statements that the brake lights on Sean Hengel's Jetta flickered off and on in the seconds before the collision. (DE 92-3, Tyson Torbush Statement at 2; DE 92-4, Shawn Walker Statement at 3). Like the autopsy report, these statements do not suggest whether Sean Hengel was conscious for any amount of time after the collision. It is undisputed that he received no medical treatment at the scene. (DE 84-6, Maria

Wells, a/k/a Bella Wells, Dep. 27:12-22).  Furthermore, Plaintiffs have identified one medical expert, Dr. Robert Bux, and his testimony relates to Sean Hengel's alleged manifestations of intoxication during the evening.  Dr. Bux's expert disclosure does not address conscious pain, suffering, or mental anguish.  Plaintiffs have identified no other expert on this issue, nor have they indicated lay witnesses to indicate Sean Hengel's consciousness, if any, after the collision between the train and the car.  To the extent that Plaintiffs seek to recover for any pre-impact suffering or anguish, the lack of expert testimony or other scientific proof prevents any possible claim. *Osborne v. Keeney*, -- S.W.3d --, 2012 WL 6634129, at *9 (Ky. Dec. 20, 2012) (allowing for the recovery of damages for emotional distress without an impact, but holding that "a plaintiff claiming emotional distress damages must present expert medical or scientific proof to support the claimed injury or impairment.").

Because Plaintiffs have not offered evidence on which a reasonable jury could conclude that Sean Hengel consciously experienced some degree of pain, suffering, or mental anguish before he died, summary judgment is appropriate.

### b. Remaining Issues

Defendants' motions raise other issues, but Plaintiffs and Defendants actually agree that summary judgment is appropriate on these matters.

First, Plaintiffs concede that Robert L. Hengel and Laura Hengel cannot pursue claims as individuals, and so these claims fail as a matter of law.  *See Lewis v. Harper*, 371 F.2d 555, 556 (6th Cir. 1967) (applying Kentucky law and affirming dismissal of wrongful death claims not brought by personal representative of estate).  Second, Plaintiffs concede that certain negligence *per se* claims also fail.  Plaintiffs admit that the claims related to the service of alcohol to minors fail because Sean was 25 years old on the night in question and thus not a minor the Kentucky

alcoholic beverage statutes.  These claims were based on violations of K.R.S. §§ 244.085 and 530.070.

Third, Plaintiffs concede that they cannot recover many of the damages requested. Plaintiffs state they are no longer seeking medical expenses or physical impairment damages. They also concede that under Kentucky law they cannot recover for the loss of household services and/or the familial relationship in the past or the loss of household services and/or familial relationship that, in reasonable probability, will be sustained in the future.  *See* K.R.S. § 411.135 (limiting recovery of such damages to actions in which the decedent is a minor child). The parties agree that under Kentucky law the Plaintiffs' damages should include the loss to the estate, measured by the loss of the power to earn money, and funeral expenses.  *Birkenshaw v. Union Light, Heat & Power Co.*, 889 S.W.2d 804, 806 (Ky. 1994) ("It has long been recognized that the measure of damages for a wrongful death under the Kentucky Wrongful Death Statute is 'the value of the destruction of the power of the decedent to earn money.'");   *Square Deal Cartage Co. v. Smith's Adm'r*, 307 Ky. 135, 145, 210 S.W.2d 340, 346 (1948) (explaining that because Kentucky's wrongful death statute "requires the payment of burial expenses out of any recovery,"  "[w]e think it was the legislative intent that such expenses should be regarded as an element of damage.").

Plaintiffs have identified an expert, Dr. Gary Konrad, to testify about their damages.  As part of their motions for partial summary judgment, Defendants have moved to prevent him from testifying about certain issues.  The parties, however, agree that to the extent his report and/or testimony addresses any damages beyond those which would compensate for the destruction of the decedent's earning power, those portions of the report and/or testimony will be excluded.

**IV. Conclusion**

Accordingly, the Court being otherwise sufficiently advised, HEREBY ORDERS that the motions for partial summary judgment filed by Defendants Bluegrass Tavern, LLC (DE 84) and Irish Holdings, LLC (DE 86) are GRANTED, and Defendants Bluegrass Tavern, LLC and Irish Holdings, LLC are entitled to partial summary judgment regarding: (1) all individual claims of Robert L. Hengel and Laura Hengel; (2) all claims based upon service of alcohol to minors; and (3) the claims asserted for medical expenses, claims of familial relationship and loss of household services, and claims for pain, suffering, mental anguish, impairment and disfigurement.

This 31st day of July, 2013.

Signed By:

*Karen K. Caldwell*

**United States District Judge**